# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

GARY HUFFMAN,

Appellant/Cross-Appellee,

v.

CORIN HUFFMAN,

Appellee/Cross-Appellant.

No. 2D2025-0372
_____

August 14, 2026

Appeal from the Circuit Court for Manatee County; Kevin R. Bruning, Judge.

Angela D. Flaherty of Flaherty Law Firm, Sarasota, for Appellant/Cross-Appellee.

Elizabeth S. Wheeler of Berg & Wheeler, P.A., Valrico, for Appellee/Cross-Appellant.

SILBERMAN, Judge.

Gary Huffman (the Former Husband) appeals and Corin Huffman (the Former Wife) cross-appeals the Final Judgment of Dissolution of Marriage entered following a two-day trial. The parties were married in 2002 and have two adult children together. They separated in 2021, and the Former Wife filed her petition for dissolution of marriage in 2023.

Although the parties raise numerous arguments on appeal, we address only those that compel reversal and require further consideration upon remand. In all other respects we affirm the final judgment.

Both parties challenge the trial court's alimony award and the court's findings underlying the award. We review the award for an abuse of discretion. *Giles v. Giles*, 298 So. 3d 1277, 1281 (Fla. 2d DCA 2020) (citing *Farley v. Farley*, 858 So. 2d 1170, 1172 (Fla. 2d DCA 2003)). Before making an award, a court must "make a specific, factual determination as to whether the party seeking support, maintenance, or alimony has an actual need for it and whether the other party has the ability to pay support, maintenance, or alimony." § 61.08(2)(a), Fla. Stat. (2024).[1] Once the court makes this initial determination, the court must then consider all statutorily enumerated factors to determine the proper form or forms of alimony. § 61.08(3)(a)-(h).

But "even when the court makes findings regarding each of the [statutory] factors, its failure to make findings 'to allow for meaningful review of the *amount* of alimony awarded' constitutes reversible error." *Horowitz v. Horowitz*, 273 So. 3d 263, 267 (Fla. 2d DCA 2019) (quoting *Ketcher v. Ketcher*, 188 So. 3d 991, 993, 994 (Fla. 1st DCA 2016)). And if the record does not contain competent, substantial evidence to support the amount awarded, the award will be reversed. *Giles*, 298 So. 3d at 1281 (citing *Farley*, 858 So. 2d at 1172).

---

[1] The current version of section 61.08, effective July 1, 2023, applies to this dissolution because the case was pending at the time the statute went into effect. § 61.08(11); *see also Edman v. Edman*, 407 So. 3d 452, 455 (Fla. 4th DCA 2025) ("The amended statute applies to 'all initial petitions for dissolution of marriage or support unconnected with dissolution of marriage *pending or filed on or after July 1, 2023*.' " (quoting § 61.08(11))).

"The ability to pay alimony must be based on the party's net income." *Cooper v. Cooper*, 278 So. 3d 765, 766 (Fla. 2d DCA 2019) (quoting *Conlin v. Conlin*, 212 So. 3d 487, 488 (Fla. 2d DCA 2017)). "The amount of durational alimony is the amount determined to be the obligee's reasonable need, or an amount not to exceed 35 percent of the difference between the parties' net incomes, whichever amount is less." § 61.08(8)(c).

In the final judgment, the court found that the Former Husband earns a gross income of $130,000 per year. The court stated that after "reasonable personal costs and expenses," the Former Husband's net income was $5,600 per month. Unfortunately, the trial court made no findings as to what expenses were deducted from the Former Husband's gross income. Next, the court found that the Former Wife could earn $3,500 per month as a full-time pharmacy technician and imputed that income to her. Based on these numbers, the trial court ordered the Former Husband to pay the Former Wife $1,700 per month in durational alimony.

We conclude that the trial court's findings as to the Former Husband's gross income are supported by competent, substantial evidence. But as argued by the Former Wife, it is unclear what expenses were deducted from the Former Husband's gross income to determine net income. Without this information, we are unable to ascertain whether the trial court properly determined the former husband's net income in fashioning an appropriate alimony award. *See Cooper*, 278 So. 3d at 766. Thus, we reverse the alimony award and remand for reconsideration with directions that the trial court make specific findings supported by the evidence regarding the Former Husband's reasonable expenses, his net income, and his ability to pay alimony. The court may

then modify its award as needed. *See id.*; *see also Ogle v. Ogle*, 334 So. 3d 699, 703 (Fla. 1st DCA 2022) (concluding that remand was necessary "so that the trial court can set out specifically its calculations of net income for the parties and demonstrate how that net income is utilized to determine the amount of alimony"). This award must be the lesser of the amount determined to be the Former Wife's reasonable need or an amount not to exceed thirty-five percent of the difference between the parties' net incomes. *See* § 61.08(8)(c).

The Former Wife also argues that the trial court erred in its imputation of income to her. Imputation of income will be affirmed if supported by competent, substantial evidence. *Horowitz*, 273 So. 3d at 265 (citing *Velez v. Montalvo-Velez*, 253 So. 3d 117, 119 (Fla. 2d DCA 2018)). "Courts 'have required particularized findings regarding work history, occupational qualifications, and the current job market in the community to support the imputation of income. Failure to make these findings results in reversal.' " *Gillespie v. Holdsworth*, 333 So. 3d 278, 281 (Fla. 2d DCA 2022) (quoting *Broga v. Broga*, 166 So. 3d 183, 185 (Fla. 1st DCA 2015)).

The court found that the Former Wife "could garner a wage of $3,500 a month (based upon Wife's own testimony regarding current wages for Pharmacy Techs)." Contrary to the trial court's finding, the Former Wife did not testify to this amount at trial, and the court provided no other information as to how it arrived at this number.

The Former Husband concedes that the alimony award must be remanded to the trial court for it to conduct a net income calculation and to "provide more clarity as to the basis for the amounts it imputed to both parties and take any additional testimony as necessary." Thus, we reverse and remand for the trial court to reconsider the amount of the

4

Former Wife's imputed income. *See id.* at 283; *Child v. Child*, 34 So. 3d 159, 161-62 (Fla. 3d DCA 2010). The trial court can consider additional evidence upon remand.[2] *See Child*, 34 So. 3d at 162 n.3.

In the final judgment, the trial court denied the Former Wife's motion for attorney's fees and costs, which she argues is reversible error. In light of our decision remanding for further proceedings, the trial court shall reconsider the Former Wife's motion. The court must take into account its determinations as to the Former Wife's need and the Former Husband's ability to pay. *See Gudur v. Gudur*, 277 So. 3d 687, 694 (Fla. 2d DCA 2019). Additionally, the court shall consider the Former Wife's nonmarital assets when evaluating her need for attorney's fees. *See Hanson v. Hanson*, 217 So. 3d 1165, 1169 (Fla. 2d DCA 2017) (recognizing that "the trial court cannot turn a blind eye to the availability of nonmarital assets as a source of funds for paying attorney's fees" and that an award must be based on the financial resources of the parties at the time the final judgment is entered).

Next, the parties agree that the Former Wife's claim for retroactive child support remains unresolved. Accordingly, on remand, the trial court shall consider the Former Wife's claim. *See Campagna v. Cope*,

_____

[2] We find no error with the trial court's rejection of some of the Former Wife's claimed expenses. While she asserted that she incurs over $6,500 per month in expenses for herself, the court found the Former Wife's "expenses to be overinflated and, in many ways, unreasonable" and recognized that she has "no rent, no mortgage, and no major obligation to pay for a residence." Further, the court found Former Wife "is claiming financial obligations of her adult children as if those expenses are for her" and some of her "discrete costs have been stated as if they are reoccurring." The record supports these findings. *See Zinovoy v. Zinovoy*, 50 So. 3d 763, 768 (Fla. 2d DCA 2010) (recognizing that "a trial court can find that a party's estimate of expenses is inflated" so long as the record evidence supports that finding).

971 So. 2d 243, 248 (Fla. 2d DCA 2008) (recognizing that a party is entitled to seek retroactive child support while the parties were separated and holding that a parent maintains standing to seek that support after the child becomes a legal adult).

Lastly, at trial the Former Wife requested that her maiden name, Corin Jeanne Bartkus, be reinstated. The trial court did not address this in the final judgment but did so in its order on rehearing. The order reinstates the Former Wife's name to Corin Bartkus, omitting her middle name. The Former Wife requests that we remand on this issue in order that her full maiden name be reinstated, consistent with her testimony at trial. Accordingly, on remand, the trial court shall reinstate the name "Corin Jeanne Bartkus" as the Former Wife's name.

Affirmed in part, reversed in part, and remanded with instructions.

KELLY and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.